UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SYLVESTER WILLIAMS                                                                    Plaintiff

v.                                                                    Civil Action No. 3:17-cv-00273-RGJ

DENIS MCDONOUGH, SECRETARY OF                                          Defendant
THE UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Denis McDonough, Secretary of the United States Department of Veteran Affairs ("VA"), submitted a Bill of Costs. [DE 60]. Sylvester Williams ("Williams") responded. [DE 61]. The VA did not reply, but the time for doing so has not elapsed. The Court does not require additional briefing to rule on this matter. For the reasons below, the VA's Bill of Costs [DE 60] is **GRANTED**.

### I. BACKGROUND

The Court provided a detailed background in its Order on summary judgment and reincorporates that background here. [DE 58 at 1217–19]. Williams sued the VA in a 31-count complaint alleging workplace discrimination, disability discrimination and retaliation, and retaliation for engaging in protected activities. [DE 1]. The VA moved for summary judgment, which the Court granted on all 31 counts. [DE 58].

### II. STANDARD

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule "creates a presumption in favor of awarding

costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *overruled on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012)). The Supreme Court has held that a district court may award costs only for those elements in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

Courts may decline awarding costs when "it would be inequitable under all the circumstances in the case." *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at *1 (E.D. Ky. Feb. 2, 2015) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (internal quotation marks omitted)). "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Smith*, 2015 WL 428115, at *1 (quoting *White & White, Inc.*, 786 F.2d at 730).

### III.     DISCUSSION

The VA requests costs totaling $2,881.40 for Williams' deposition, transcripts associated with the deposition, and docket fees.[1] [DE 60 at 1238]. In response, Williams asserts that requiring him to pay costs would impose on him an undue financial hardship. [DE 61 at 1248].

"[S]ubsections (2) and (4) of § 1920 have been interpreted to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Courts in the Sixth Circuit typically allow costs for "taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Id.* The fact that a deposition is not actually used at trial is not controlling. *LaVay Corp. v. Dominion Fed. S. & L. Ass'n,* 830 F.2d 522, 528 (4th Cir.1987), *cert. denied*, 484 U.S. 1065 (1988); *see also SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, No. 1:10CV-00122-JHM, 2013 WL 5934141, at *2 (W.D. Ky. Nov. 5, 2013) ("Once Plaintiffs took the depositions, it would be reasonably necessary for Defendants to obtain a copy of the transcript.").

The VA spent $1,545.65 for Williams' deposition on March 22, 2021. [DE 60-2 at 1244]. The VA did not request payment for the condensed word index, which cost $132.00. [*Id.*]. The total amount requested for Williams' deposition is $1,413.65. [*Id.*]. Williams' deposition was the repeatedly cited in the VA's successful motion for summary judgment [DE 51] and the Court's Order granting summary judgment [DE 58]. Williams' deposition was undoubtedly necessary for the VA's success, which would entitle it to costs for taking and transcribing the deposition. *Sales*, 873 F.2d at 120.

The VA also requested costs for transcripts and exhibits from the Yvette Talley ("Talley"), Terry Windell ("Windell"), and Marylee Rothschild ("Rothschild") depositions totaling

---

[1] The Court notes that the actual sum of the costs requested is $2,882.40. But the Court will limit its award to the amount request.

$1,448.75. [DE 60-1 at 1241]. These depositions were taken by Williams' prior counsel. [*Id.*]. The VA's motion for summary judgment repeatedly cited Windell's and Rothchild's depositions. [DE 51]. Talley was named in Williams' Complaint and was essential to at least one count. [DE 1]. As a matter of modern litigation, it was necessary for the VA to obtain a copy of the transcripts and exhibits once Williams took a deposition. *See SCA Hygiene Prod. Aktiebolag*, 2013 WL 5934141, at *2. Accordingly, the VA is entitled to the costs for transcripts and exhibits from the Talley, Windell, and Rothschild depositions. *Sales*, 873 F.2d at 120.

Finally, the VA requested $20.00 for docket fees. [DE 60 at 1238]. These costs are customarily granted by statute. 28 U.S.C. § 1920(5) ("A judge or clerk of any court of the United States may tax as costs the . . . [d]ocket fees under section 1923[.]"). Therefore, the Court will tax as costs $20.00 for docket fees.

Williams cites no authority that supports that the VA would not be entitled to costs, and Rule 54 provides for costs "[u]nless a federal statute, these rules, or a court order provides otherwise." Williams cites no federal statute, civil rule, or court order that provides otherwise. [DE 61]. And by litigating his claims, Williams assumed the risks inherent to litigation. These risks include imposing costs. *See Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001) ("The partial lifting of the subsidy previously enjoyed by prisoner-litigants does not deny them access to the courts, except that, like all poor persons, their access is restricted because they must weigh the risks and rewards of trying their claims in court.") (citing *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (stating that imposing costs against indigent prisoner makes them "like anybody else")). Therefore, the Court will **GRANT** the VA's Bill of Costs [DE 60].

## IV.  CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. The VA's Bill of Costs [DE 60] is **GRANTED**; and

2. Williams SHALL pay the VA their costs in the amount of $2,881.40.  Payment to the VA shall be forwarded to counsel of record within thirty days of the entry of this Order.

*Rebecca Grady Jennings, District Judge*
United States District Court

December 15, 2022